# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# BEAUFORT DIVISION

| | |
|---|---|
| Paul Vernon Coffman and Stephanie Coffman, | Case No. 9:21-cv-3337-RMG |
| Plaintiffs, | **ORDER AND OPINION** |
| v. | |
| Town of Port Royal, *et al.*, | |
| Defendants. | |

This matter is before the Court on the Report and Recommendation ("R&R") of the Magistrate Judge (Dkt. No. 14) recommending that the Court grant Plaintiffs' motion to remand (Dkt. No. 9). For the reasons set forth below, the Court adopts the R&R as the order of the Court and remands this action to the Court of Common Pleas of Beaufort County.

## I.  Background

Defendants Town of Port Royal, Port Royal Police Department, Chief Alan Beach, Peter Bunting, Kimberly Carter, John Griffith, Ron Wekenmann, and John Does (the "Removing Defendants") were served the summons and complaint on September 13, 2021. Remaining Defendant Joshua Lee Smith was served the same day.

Thirty dates later, on October 13, 2021, the Removing Defendants removed this action to federal court based on federal question jurisdiction. (Dkt. No. 1). The Removing Defendants' notice of removal did not make any representation as to whether Defendant Smith consented to removal.

On October 18, 2021, Defendant Smith filed his answer and counterclaim. (Dkt. No. 6).

Within thirty days after removal, on November 12, 2021, Plaintiffs filed the instant motion to remand. (Dkt. Nos. 9, 12). The Removing Defendants, (Dkt. No. 11), and Defendant Smith, (Dkt. No. 10), oppose.

On November 30, 2021, the Magistrate Judge issued an R&R recommending that this action be remanded to state court. (Dkt. No. 14).

The Removing Defendants filed objections to the R&R, (Dkt. No. 15), to which Plaintiffs filed a reply, (Dkt. No. 16). In their objections, the Removing Defendants do not argue that the Magistrate Judge misapplied the law or otherwise misrepresented the facts of the case in the R&R. Rather, repeating the same argument raised in their opposition, the Removing Defendants note that at the time of removal, an affidavit of service for Defendant Smith was not filed on the docket. (Dkt. No. 15 at 4). Thus, conclude the Removing Defendants, because the Removing Defendants could not have known if Defendant Smith had been properly served, Defendant Smith should not be considered "properly joined and served" such that the Removing Defendants were required to obtain his consent before removing. *See* (*id.* at 4-6) (admitting federal law requires unanimous consent of defendants to remove in this matter but arguing that the Court decline to adopt the R&R because, "[u]nder the circumstances, [the Removing Defendants] had neither notice of service of Defendant Smith nor had the opportunity to confirm with his counsel as to whether he consented to removal until five days after the 30 day period for filing the notice of removal and counsel for Smith making a first appearance"); *see also* Defendant Smith Answer, (Dkt. No. 6) (filed by counsel on October 18, 2021). The Removing Defendants cite no case law to support their position and, further, do not dispute the R&R's conclusion that Defendant Smith did not timely join in the removal petition. *See* (Dkt. No. 14 at 7).

Plaintiffs' motion to remand is fully briefed and ripe for disposition.

## II.   Legal Standard

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility for making a final determination remains with this Court. *See Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). This Court is charged with making a *de novo* determination of those portions of the Report and Recommendation to which specific objection is made. Additionally, the Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). Where the plaintiff fails to file any specific objections, "a district court need not conduct a *de novo* review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (internal quotation omitted). Because the Removing Defendants filed objections to the R&R, the R&R is reviewed de novo.

## III.   Discussion

The Court finds that the Magistrate Judge ably addressed the issues and correctly concluded that Plaintiffs' motion for remand should be granted. Namely, the Magistrate Judge correctly noted that 28 U.S.C. § 1446(b)(2)(A) requires the unanimous consent of all defendants properly joined and served to effectuate removal and that the Removing Defendants undisputedly had not obtained the consent of Defendant Smith at the time their notice of removal was filed. *See* (Dkt. No. 14 at 4-5); (*Id.* at 6) (also noting that Defendant Smith never filed his own Notice of Removal). Further, rejecting arguments identical to those the Removing Defendants put forth in their objections, the Magistrate Judge cited pertinent case law standing not only for the proposition that "lack of knowledge [as to whether a co-defendant has been served] cannot satisfy the service of process exception," *Palmetto Automatic Sprinkler Co., Inc. v. Smith Cooper Intl., Inc.*, 995 F.

Supp. 2d 492, 495 (D.S.C. 2014) (noting limited exceptions to the rule of unanimity), but also rejecting the Removing Defendants' position that, because they were "not aware" of whether Defendant Smith had been served, his consent was not required to remove this action. *See Simon v. Regal Investment Advisors LLC*, No. 3:16cv90, 2017 WL 1628436, at *5 (W.D. Va. April 28, 2017) (rejecting, in light of cases from the Fourth Circuit, the removing defendants' argument that because they believed "upon information and belief" that a separate defendant "had not yet been properly served with process" said defendant's consent was not necessary for removal); (*Id.*) ("In this case, Barnes has not filed his own notice of removal and the time for doing so has clearly expired."); R&R, (Dkt. No. 14 at 6) (noting that while Defendant Smith had thirty days after being served to file his own notice of removal, Defendant Smith undisputedly did *not* file such a notice). Accordingly, the Removing Defendants' objections are overruled.

### IV.   Conclusion

For the reasons set forth above, the Court **ADOPTS** the R&R (Dkt. No. 14) and grants Plaintiffs' motion to remand (Dkt. No. 9).

**AND IT IS SO ORDERED**.

s/ Richard Mark Gergel  
Richard Mark Gergel  
United States District Judge

January 14, 2022  
Charleston, South Carolina